**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| vs. | ) | No. 3:09-CR-0253-D(01) |
| | ) | |
| **CURTIS PEGUES, ID # 39466-177,** | ) | |
| **Defendant.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and Orders of Reference dated July 6, 2010, and August 31, 2010, before the Court for recommendation are *Petitioner's Fed. R. Crim. P. Rule 41(g) Motion Requesting Return of Petitioner's Illegally Seized $1,500.00 in Genuine United States Currency, Along with Petitioner's Personal Jewelry*, received July 2, 2010, (doc. 19), and the *Government's Motion to Apply Funds Held by the United States Secret Service to Criminal Debt*, filed July 21, 2010, (doc. 22). Based on the relevant filings and applicable law, the Rule 41(g) motion should be **CONSTRUED** and opened as a civil action under 28 U.S.C. § 1331, and the Government's motion should also be filed in that action.

**I. BACKGROUND**

In September 2009, the United States Secret Service arrested Defendant and seized jewelry and cash from him. On February 26, 2010, the Court entered judgment against Defendant and sentenced him to fifteen months imprisonment for dealing counterfeit obligations or securities. It also assessed a mandatory special assessment ("MSA") of $100.00. Approximately four months later, Defendant filed a motion for return of property under Fed. R. Crim. P. 41(g) in his criminal case.

The Government concedes that it holds $1,500.00 and jewelry seized from Defendant. It does not oppose returning the jewelry, but it contends that it has a common law right to setoff for the MSA and that the Court can order the remaining funds to be used to pay debts owed to state

courts pursuant to 28 U.S.C. § 1651. Defendant agrees to a setoff for the MSA but opposes the Government's motion to use the remainder of the seized funds to pay his state court debts.

## II.  MOTION FOR RETURN OF PROPERTY

Rule 41(g) of the Federal Rules of Criminal Procedure provides that a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property" may file a motion for return of the property. When the motion is filed in a criminal action that has already concluded, as here, the motion is properly construed as a civil action for the return of property under the court's general equity jurisdiction under 28 U.S.C. § 1331. *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007) (citing *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007)); *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). The Court should therefore liberally construe Defendant's motion as a civil action under § 1331 and direct that it be opened as a new civil case.[1]

## III.  MOTION TO APPLY FUNDS

The Government moves to apply seized funds to debts owed by Defendant based on a right of setoff and 28 U.S.C. § 1651.[2] The United States has an inherent, common law right of setoff that equals the "right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." *Marre v. United States*, 117 F.3d 297, 302 (5th Cir. 1997). A setoff or offset is an affirmative defense available in civil actions under Fed. R. Civ. P. 8(c). *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 494 & n.36 (5th Cir. 2001). The Court should

---

[1] Because Defendant's motion is properly construed as civil action, he will be subject to the provisions of the Prison Litigation Reform Act ("PLRA") and the required payment of the $350 filing fee either in a lump sum or in installments. *See Pena v. United States*, 122 F.3d 3, 4-5 (5th Cir. 1997).

[2] Section 1651 authorizes courts to issue necessary and appropriate commands to effectuate or prevent frustration of orders it has issued in cases where jurisdiction already exists. *Texas v. Real Parties In Interest*, 259 F.3d 387, 391-92 (5th Cir. 2001).

therefore also direct the Clerk to file the Government's motion in the new civil case.

## IV. RECOMMENDATION

The defendant's July 2, 2010 motion for return of property (doc. 19) should be **CONSTRUED** as a civil action seeking the return of property. The Clerk of the Court should be **DIRECTED** to open a new civil case, file the motion as a civil complaint in that case, and directly assign the new case to Chief Judge Sidney A. Fitzwater and Magistrate Judge Irma Carrillo Ramirez. The Clerk should also be directed to file the Government's July 21, 2010 motion to apply funds (doc. 22) in that case.

**SO RECOMMENDED on this 10th day of September, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE